<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4039**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

   v.

ALFRED CHARLES PARR,

     Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Alexander Williams, Jr., District Judge. (8:06-cr-00326-AW-1)

Submitted: December 14, 2009   Decided: January 12, 2010

Before MOTZ, DUNCAN, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Francis A. Pommett, III, LAW OFFICES OF NATHANSON & POMMETT, P.C., Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Jonathan C. Su, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In a Superseding Indictment, Alfred Charles Parr was charged with three counts of possession with intent to distribute and distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) (2006) (Counts 1-3), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2006) (Count 4). Parr proceeded to trial and at the close of the Government's evidence pled guilty to Counts 1-3. Although Parr persisted in his plea of not guilty on Count 4, the jury found Parr guilty. The district court sentenced Parr to six months' imprisonment on Counts 1-3 and 60 months' imprisonment on Count 4 to run consecutively. On appeal, Parr argues that the district court erred in allowing the Government to question him about his prior gun arrest in the District of Colombia. Finding no reversible error, we affirm.

Because Parr did not object to the Government's line of questioning at trial, our review is for plain error. Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 732 (1993). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." Olano, 507 U.S. at 732. We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that

"the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. at 736 (alteration in original) (internal quotation marks omitted)

Assuming without deciding that Parr can establish the first two elements of the plain error test, we find that the district court's admission of the testimony elicited by the Government's questioning was not plain error because Parr's substantial rights were not affected. Leaving the evidence of the prior arrest aside, there was sufficient evidence for the jury to conclude Parr violated § 924(c). The confidential informant who participated in two controlled drug purchases with Parr testified that he saw a gun in Parr's waistband during the second purchase. Additionally, during a search of Parr's home, police found two loaded weapons between the mattress and box springs of Parr's bed – where he was sleeping at the time – one of which was resting on a stack of cash near the head of the bed. Agent Jeffrey Meixner, the agent in charge of Parr's case who also testified as a qualified expert in drug trafficking and firearms, stated that storing a loaded weapon between the mattress and box springs made it readily available to protect drugs and drug money.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

3

before the court and argument would not aid the decisional process.

AFFIRMED